IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02826-BNB
(**The above civil action number must appear on all future papers sent to the Court in this action. Failure to include this number may result in a delay in the consideration of your claims.**)

CHARLES JOHNSON, JR.,

    Plaintiff,

v.

AURORA POLICE OFFICER LELAND SILVER,
AURORA POLICE CHIEF TERRY JONES,
AURORA MEDICAL SUPERVISOR KIM HURT,
ADAMS COUNTY MEDICAL SUPERVISOR CONNIE WILCOUSION,
ADAMS COUNTY DIVISION CHIEF ESTER, and
ADAMS COUNTY SHERIFF DOUGLAS DARR,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND
FILE AMENDED COMPLAINT THAT COMPLIES WITH RULE 8

---

Plaintiff, Charles Johnson, Jr., is incarcerated at the Denver County Jail. Mr. Johnson initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) and a Motion to File Without Payment of Filing Fee (ECF No. 3). As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the documents are deficient as described in this order. Plaintiff will be directed to cure the following if he wishes to pursue his claims. Any papers that Plaintiff files in response to this order must include the civil action number noted above in the caption of this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1) \_\_ is not submitted
(2) \_\_ is missing affidavit

(3)   <u>X</u>    is missing <u>certified</u> copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)   ___    is missing certificate showing current balance in prison account
(5)   ___    is missing required financial information
(6)   ___    is missing an original signature by the prisoner
(7)   <u>X</u>    is not on proper form (<u>must use the Court's current Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 form revised 10/01/12 with Authorization and Certificate of Prison Official</u>)
(8)   ___    names in caption do not match names in caption of complaint, petition or habeas application
(9)   ___    An original and a copy have not been received by the Court. Only an original has been received.
(10)  <u>X</u>    other: <u>Plaintiff may pay $400.00 (the $350.00 filing fee plus a $50.00 administrative fee) in lieu of filing a § 1915 Motion and Affidavit and a certified copy of his six months' trust fund statement.</u>

**Complaint, Petition or Application**:
(11)  ___    is not submitted
(12)  <u>X</u>    is not on proper form (<u>must use all pages of the Court's current Prisoner Complaint form</u>)
(13)  ___    is missing an original signature by the prisoner
(14)  ___    is missing page no. ___
(15)  ___    uses et al. instead of listing all parties in caption
(16)  ___    An original and a copy have not been received by the Court. Only an original has been received.
(17)  ___    Sufficient copies to serve each defendant/respondent have not been received by the Court.
(18)  ___    names in caption do not match names in text
(19)  ___    other:

      The Court must construe the Prisoner Complaint liberally because Mr. Johnson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Johnson will be ordered to file an amended Prisoner Complaint if he wishes to pursue his claims in this action.

      Mr. Johnson fails to assert the basis for this Court's jurisdiction, although he apparently seeks to assert civil rights violations pursuant to 42 U.S.C. § 1983. He fails

to assert any claims or make factual allegations against Defendants, other than brief, disjointed assertions in his listing of the parties to this lawsuit. *See* ECF No. 1 at 2. As a result, the Prisoner Complaint is vague and conclusory.

The amended Prisoner Complaint Mr. Johnson will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

In order to state a claim in federal court, Mr. Johnson "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir.

2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Assuming Plaintiff intends to assert § 1983 claims, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  Therefore, Mr. Johnson should name as defendants in the amended Prisoner Complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Johnson must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  Supervisory officials may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Instead,

> when a plaintiff sues an official under *Bivens* [*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)] or § 1983 for conduct "arising from his or

> her superintendent responsibilities," the plaintiff must
> plausibly plead and eventually prove not only that the
> official's subordinates violated the Constitution, but that the
> official by virtue of his own conduct and state of mind did so
> as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.

      Mr. Johnson may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Johnson uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

      Accordingly, it is

      ORDERED that Plaintiff, Charles Johnson, Jr., cure the designated deficiencies and file **within thirty (30) days from the date of this order** an amended Prisoner Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure as discussed in this order.  Any papers that Plaintiff files in response to this order must include the civil action number on this order.  It is

      FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case manager or the facility's legal assistant) the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and Prisoner

Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use all pages of those forms in curing the designated deficiencies and filing an amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies or file an amended Prisoner Complaint as directed **within thirty days from the date of this order**, the Prisoner Complaint and action may be dismissed without further notice.

DATED October 24, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge