IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02826-GPG

CHARLES JOHNSON, JR.,

      Plaintiff,

v.

LELAND SILVER, Aurora Police,
JOHN DOE 1, Aurora Police,
JOHN DOE 2, Aurora Police,
KIM HURT, Aurora Medical Supervisor,
TERRY JONES, Aurora Police Chief,
JANE DOE 1, Aurora Intake Nurse,
JOHN DOE 3, Intake Sheriff Aurora,
ESTHER, Division Chief ACDF,
CONNIE WIKOUSION, Medical ACDF,
JANE DOE 3, Intake Nurse ACDF,
JANE DOE 4, Nurse ACDF,
JOHN DOE LPN, ACDF, and
UNIT DEPUTY, ACDF

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

      Plaintiff, Charles Johnson, Jr., is an inmate at the Denver County Jail in Denver,

Colorado.  Mr. Johnson initiated this action by filing *pro se* an incomplete Prisoner

Complaint (ECF No. 1).  On October 24, 2014, Mr. Johnson was ordered to cure certain

deficiencies and to file an amended complaint that complies with the pleading

requirements of Rule 8 of the Federal Rules of Civil Procedure.  On November 12,

2014, Mr. Johnson filed an amended Prisoner Complaint (ECF No. 9).  Mr. Johnson

asserts claims pursuant to 42 U.S.C. § 1983 claiming his constitutional rights have been

violated.

The court must construe the amended Prisoner Complaint liberally because Mr. Johnson is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Johnson will be ordered to file a second amended complaint.

Mr. Johnson asserts three claims for relief in the amended Prisoner Complaint. He first claims he was subjected to excessive force and denied medical assistance when he was arrested on July 24, 2014.  According to Mr. Johnson, he suffered a broken collar bone, nerve issues in his back, and muscle damage in his left knee when he was arrested.  Mr. Johnson asserts claim one against Defendants Leland Silver, John Doe 1, and John Doe 2, all of whom are Aurora police officers, and he alleges specific facts in support of claim one that demonstrate how each of these three Defendants personally participated in the asserted constitutional violation.

Mr. Johnson contends in his second claim that he was denied adequate medical care at the Aurora City Jail for the injuries he suffered when he was arrested on July 24, 2014.  Although not entirely clear, Mr. Johnson apparently was housed at the Aurora City Jail for two days.  Mr. Johnson alleges in support of claim two that he was examined by an intake nurse, who may be Defendant Jane Doe 1, and that he was given Tylenol for his pain.  Mr. Johnson further alleges that Defendant Terry Jones and a medical supervisor, who may be Defendant Kim Hurt, have not responded to a grievance he filed but he does not allege facts that demonstrate either of these

2

Defendants or anyone else personally participated in the alleged denial of medical care while he was housed at the Aurora City Jail.

Mr. Johnson contends in his third claim that he was denied adequate medical care at the Adams County Detention Facility for the injuries he suffered when he was arrested on July 24, 2014, and possibly for other medical conditions.  Mr. Johnson states that he was housed at the Adams County Detention Facility for thirty-one days until August 26, 2014.  He alleges in support of claim three that he was seen by an intake nurse, who may be Defendant Jane Doe 3, that he was given Tylenol for his pain, and that his name was placed on a list to be seen by a doctor.  Mr. Johnson further alleges he was seen by multiple nurses at different times while housed at the Adams County Detention Facility but that he never was seen by a doctor.  Mr. Johnson does not allege specific facts regarding what each nurse did or failed to do that allegedly violated his constitutional rights.  Mr. Johnson maintains that Defendant Esther and a medical supervisor, who may be Defendant Connie Wikousion, have not responded to a grievance he filed but he does not allege facts that demonstrate either of these Defendants personally participated in the alleged denial of medical care while he was housed at the Adams County Detention Facility.

Mr. Johnson's second and third claims in the amended Prisoner Complaint are deficient.  For one thing, Mr. Johnson fails to link his factual allegations in support of those claims to the specific individuals he has named as Defendants in the caption of the amended Prisoner Complaint.  For example, Mr. Johnson refers to an intake nurse at the Aurora City Jail in his allegations in support of claim two but he does not specifically identify the intake nurse as Defendant Jane Doe 1.  If Mr. Johnson's factual

allegations in support of claim two regarding the intake nurse at the Aurora City Jail do in fact refer to Defendant Jane Doe 1, he should refer to that individual as Jane Doe 1 throughout the amended Prisoner Complaint.

Mr. Johnson also fails to allege specific facts that demonstrate each of the Defendants personally participated in the asserted constitutional violations.  *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential").  To the extent a particular Defendant merely denied or failed to respond to a grievance, that fact alone is not sufficient to demonstrate personal participation.  *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (stating "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation").  To the extent Mr. Johnson is naming supervisory officials as defendants, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Although a defendant can be liable in a § 1983 action based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind.  *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).

Claims two and three in the amended Prisoner Complaint also are deficient because Mr. Johnson fails to allege specific facts in support of those claims that demonstrate his constitutional rights have been violated.  As noted above, Mr. Johnson

4

fails to allege specific facts that demonstrate what each named Defendant did or failed to do that constitutes deliberate indifference to a serious medical need.

If Mr. Johnson was being detained as a pretrial detainee, his medical treatment claims arise under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment even though the same standards apply. *See Barrie v. Grand County*, 119 F.3d 862, 867-69 (10th Cir. 1997). Thus, jail officials may not be deliberately indifferent to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Because Mr. Johnson appears to have made a good-faith effort to comply with the court's prior order to file an amended complaint, he will be given one more opportunity to clarify the claims he is asserting in this action. Mr. Johnson should name as Defendants only those persons he contends actually violated his federal constitutional rights. Mr. Johnson "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Mr. Johnson file, **within thirty (30) days from the date of this order**, a second amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Johnson shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Johnson fails to file a second amended complaint that complies with this order within the time allowed, the second and third claims in the amended Prisoner Complaint will be dismissed.

DATED January 14, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____

United States Magistrate Judge